```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**PATRICIA MACON**                                                  **PLAINTIFF**

        **v.**              **Civil No. 08-5071**

**STATE FARM FIRE & CASUALTY COMPANY**                              **DEFENDANT**

<u>**O R D E R**</u>

    Now on this 23rd day of January, 2009, comes on for consideration **Defendant's Motion For Partial Summary Judgment** (document #11), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.  In this removed case, plaintiff Patricia Macon ("Macon") alleges that defendant State Farm Fire & Casualty Company ("State Farm") breached its contract, defrauded her, and engaged in unfair and deceptive settlement practices, all in connection with an insurance claim for the loss of her home to fire.  She seeks to recover the difference between the amount State Farm paid for damage to her home and what she believes to be the total amount of the loss, plus statutory penalties and attorney's fees.

    State Farm now moves for summary judgment, contending that Macon cannot establish her claims of fraud and unfair and deceptive settlement practices.

    2.  Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows

that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995).** The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

   3. Pursuant to **Local Rule 56.1**, State Farm filed a statement of facts which it contends are not in dispute. Macon has not disputed anything in State Farm's Statement Of Undisputed Facts, and the Court finds the following facts to be undisputed:

   *   On December 27, 2007, fire damaged Macon's home. At the time, Macon was insured under a homeowners insurance policy (the "Policy") issued by State Farm.

   *   Following the fire, State Farm provided a $3,000 advance to Macon.

   *   Part of this advance was used by Macon for things such as hotel bills and food, but a portion of it was used to replace items of personal property that were damaged or destroyed in the

fire and were immediately needed, such as clothes.

\* Based on receipts provided by Macon, State Farm allocated monies spent to replace personal property to one coverage under the Policy, and monies spent on additional living expenses to another.

4. The Court turns first to Macon's claim of fraud, which appears to be predicated upon State Farm's apportionment of certain expenses to Coverage B rather than Coverage C of the Policy. The Complaint alleges that

> State Farm knew or should have known that these money's [sic] were a result of a loss of use and intently [sic] funded this money from Patricia Macon's Personal Property section so as to intently [sic] lessen this portion of the policy for future claims.

Loss due to damaged or destroyed personal property is compensated Under Coverage B. Loss due to Additional Living Expense is covered under Coverage C. Such loss is defined as follows:

> Additional Living Expense. When a Loss Insured causes the residence premises to become uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months.

State Farm offers the Affidavit of Lee Ellen Kees, one of its Claims Representatives, who avers that when Macon submitted receipts that showed monies spent to replace items of personal property, the amount was allocated to the personal property coverage, but that no monies "that did not entail replacing personal property destroyed or damaged by the fire was

-3-

allocated/attributed to Ms. Macon's personal property coverage." Kees further avers that Macon was reimbursed for all monies spent on "living expenses that were not replacements of personal property."

In her deposition Macon pretty much agreed with Kees' explanation of the process, although she had not kept all her receipts and was not absolutely sure they had all been paid. She did not, however, testify to any expense that had not been paid.

Under Arkansas law, which governs this case, Macon must prove the following five elements to establish a claim of fraud:

* that State Farm made a material false misrepresentation of fact;

* that State Farm knew the misrepresentation was false;

* that State Farm intended Macon to act on the misrepresentation;

* that Macon did, justifiably, act upon the misrepresentation; and

* that Macon was damaged from such action in reliance upon the misrepresentation.

**Grendell v. Kiehl, 291 Ark. 228, 230, 723 S.W.2d 830, 832 (Ark. 1987).**

Having considered the evidence adduced by both parties on the fraud issue, the Court concludes that there is no genuine dispute of material fact, and that no reasonable jury could find that

Macon was damaged by any representation State Farm might have made about the funds advanced to her after the fire. The Policy contained two separate coverages for the categories of loss under consideration; State Farm kept these categories separate and allocated expenses as paid to the appropriate coverage; and Macon has failed to show how she was damaged by this apportionment. Summary judgment will, therefore, be granted to State Farm on Macon's fraud claim.

    5.  Macon's claim for unfair and deceptive settlement practices is premised on her allegation that State Farm violated Sections 7(d) and 9(h) of Rule 43 of the Arkansas Department of Insurance, by failing to provide reasonable assistance to her so that she could comply with Policy conditions and by concealing benefits, coverages, or other provisions pertinent to her claim from her.

    While acknowledging that there is no private right of action under the Rule, Macon contends that she relies upon the alleged violations of the Rule as evidence "that misrepresentation was made both wilfully and knowingly," and that she "offers the violations of the Act as proof of State Farm's fraudulent actions."

    Since the Court has already determined that the fraud claim should be dismissed, it need not further address these contentions.

**IT IS THEREFORE ORDERED** that **Defendant's Motion For Partial Summary Judgment** (document #11) is **granted,** and plaintiff's claims that defendant defrauded her, and engaged in unfair and deceptive settlement practices are **dismissed with prejudice.**  Plaintiff's breach of contract claim remains for trial.

**IT IS SO ORDERED.**

                                            **/s/ Jimm Larry Hendren**
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**